IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| OSCAR BROWNFIELD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-21-312-JFH-GLJ |
| ) | |
| CHEROKEE COUNTY SCHOOL ) | |
| DISTRICT NO. 35, and ) | |
| LEON ASHLOCK, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint ("Motion") [Dkt. 48]. Defendants Independent School District No. 35 of Cherokee County a/k/a Tahlequah Public Schools ("School District") and Leon Ashlock ("Ashlock") (School District and Ashlock collectively, the "Defendants") filed their Response in Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint [Dkt. 51] and Plaintiff filed a Reply brief [Dkt.52]. Subsequently, the District Court referred the case to the undersigned Magistrate Judge for all further proceedings in accordance with jurisdiction pursuant to 28 U.S.C. § 636. Therefore, pursuant to the reference the undersigned Magistrate Judge analyzed and considered the parties' arguments, the law on amendments and the record in this case. For the reasons stated below, the Motion is granted in part and denied in part and the Defendant's Motion to Dismiss Amended Petition [Dkt. 13] and Motion for Protective Order Staying Discovery with Combined Brief in Support [Dkt. 43] are denied as moot.

### I.   BACKGROUND

On September 10, 2021, the Plaintiff, while represented by counsel, originally filed a single claim in Cherokee County District Court in the State of Oklahoma for Title IX retaliation in violation of 20 U.S.C. §§ 1681, *et seq*. [Dkt. 2]. The Defendants, which at that time also included the Tahlequah Public Schools Board of Education ("School Board"), removed the case to the United States District Court for the Eastern District of Oklahoma [Dkt. 2]. After the Defendants filed a Motion to Dismiss [Dkt. 8], the Plaintiff filed an Amended Complaint, which dropped the School Board as a defendant but added a second claim for a violation of 42 U.S.C. § 1983 [Dkt. 11].[1] The Defendants then filed a Motion to Dismiss the Amended Complaint [Dkt. 13].

The original Scheduling Order set a February 14, 2022 deadline for amending the pleadings and joinder of parties. [Dkt. 22]. Although the scheduling order was subsequently modified twice, neither of those amended schedules includes a new date for amending the pleadings or joining parties. [Dkts. 29 & 45]. Under the Second Amended Scheduling Order, discovery was to be completed by November 22, 2022. [Dkt. 45]. On October 18, 2022, the District Court struck all scheduling order dates and deadlines and there is currently no scheduling order or deadlines in place [Dkt 53].[2]

Plaintiff's Motion seeks leave to file a Second Amended Complaint in which he would add additional factual allegations, six additional claims, and three School District employees in their individual capacities and one non-School District employee as defendants. [Dkt. 48]. In particular, Plaintiff seeks to add: Deann Mashburn as a defendant to Claim Two for violating 42

---

[1] By minute order, the Court found the Defendant's Motion to Dismiss to be moot because of the filing of the amended complaint. [Dkt. 12].
[2] After switching attorneys in early 2022, the Plaintiff began representing himself pro se on May 19, 2022. [Dkt. 36].

U.S.C. § 1983; Natalie Cloud, Mashburn and Kimberly Williams in Claim Three for violating 42 U.S.C. § 1983; the School District in Claim Four for due process violation under Title IX for violating 20 U.S.C. §§ 1681, *et seq.*; the School District in Claim Five for retaliation for violating Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*; Mat Cloud in Claim Six for violating 42 U.S.C. § 1983; the School District in Claim Seven for violating 42 U.S.C. § 1983; and an "unknown defendant" in Claim Eight for violating 42 U.S.C. §1983. [Dkt 48-1]. As damages, Plaintiff seeks actual and punitive damages for each count against all defendants, interest, and costs and attorneys' fees. [Dkt. 48-1]. Plaintiff alleges that additional facts upon which, at least in part, his proposed second amended complaint is based were obtained through discovery and information received as part of the investigations conducted as a result of retaliation charges he filed against the School District and the Broken Arrow Public School District with the Oklahoma Office of Civil Rights Enforcement ("OCRE"). [Dkt. 48].

The Defendants oppose Plaintiff's Motion on the grounds that Plaintiff did not demonstrate good cause under Fed. R. Civ. P. 16(b)(4) or the "when justice so requires" standard under Fed. R. Civ. P. 15(a)(2). [Dkt. 51]. The Defendants assert that Plaintiff cannot show good cause because he knew of the newly alleged facts in September 2019, that the amendment would result in "reopening" of the pleading stage of the case and that "many of the [Plaintiff's] amendments would be futile." The Defendants assert that Plaintiff cannot meet the "when justice so requires" standard because the requested amendment is untimely and that the proposed second amended complaint is simply a "moving target." [Dkt. 51].

## II.   ANALYSIS

"After a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the

3

Rule 15(a) standard." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (citations omitted). Rule 16(b)(4)'s good cause showing "requires the movant to show the scheduling deadlines cannot be met despite the movant's diligent efforts." *Id*. at 1240 (citation, quotations and bracketing omitted). "Rule 16's good cause requirement may be satisfied, for example, if a plaintiff learns new information through discovery or if the underlying law has changed." *Id*.

Rule 16's good cause requirement is "the threshold inquiry" to determine "whether amendments should be allowed after a scheduling order deadline has passed." *Id*. at 1241. Factors to consider include: (1) "the relative diligence of the lawyer . . . who seek[s] the change"; (2) whether "the need for more time was neither foreseeable nor [the movant's] fault"; (3) whether "refusing to grant the continuance would create a substantial risk of unfairness to that party"; and (4) the "possible prejudice to the party opposing the modification." *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019) (citations and quotations omitted).

Rule 15(a)(2) requires the Court to "freely give leave [to amend] when justice so requires." Although amendments should be freely permitted, leave may not be appropriate where there has been "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc…." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Based on the Motion, the Plaintiff has shown good cause under Rule 16(b)(4) for the second amended complaint. First, Plaintiff sets forth numerous facts that he asserts were learned through discovery in this case or were obtained as part of the investigations into his complaints with the OCRE. Moreover, it appears the Plaintiff acted with reasonably diligence in conducting discovery

4

and, once those additional facts were obtained, it appears the Plaintiff acted with reasonable diligence in filing the Motion.  Second, the Motion is somewhat unique procedurally in that there is no current deadline pending that needs to be amended.  While it is true that the original deadline to amend to add parties or claims has passed, there is also no longer a scheduling order in place in this case.  Moreover, as the Court noted in its January 13, 2022 Minute Order, because of the Court's current significant criminal caseload and criminal trial schedule, civil cases such as this one "will most likely not be tried before a district judge in the foreseeable future."  [Dkt. 23]. Thus, whatever delays might be caused by the amendment are mitigated by the absence of a schedule or trial date.  Third, while there is undoubtedly some prejudice to the Defendants in adding additional claims and parties to this case, that prejudice is slight compared to the substantial risk of unfairness to Plaintiff of not being able to have the opportunity to pursue all claims he believes he can assert.  Moreover, at this stage the court notes that Plaintiff is representing himself pro se and it is recognized that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

      Similarly, the Court finds that Plaintiff has met the Rule 15(a)(2) requirement for amending the complaint.  As noted above, leave is to be freely given where justice so requires.  The Court does not find there has been any undue delay, bad faith or dilatory motive on the part of Plaintiff in seeking the amendment.  Further, the Court does not find the Defendants will be unduly prejudiced by the amendment.  Although this case has been pending for slightly over a year, it is still essentially at the early pleading stage and none of the Defendant's previous motions to dismissed have been ruled on substantively.

While the Defendants assert somewhat in passing that some claims in the second amended complaint should be denied as futile, their argument relies primarily on the substantive arguments set forth in the Motion to Dismiss the Amended Complaint. Although there may undoubtedly be some overlap in the arguments previously asserted and those that the Defendants may assert against the second amended complaint, the Court cannot simply assume the arguments previously made in the Motion to Dismiss the Amended Complaint [Dkt. 13] will apply to those that might be asserted against the proposed second amended complaint that contains newly alleged facts, additional claims and additional parties. Moreover, the Defendants did not even identify specifically which new claims in the second amended complaint they believe are futile.

Nonetheless, there are two matters in the proposed Second Amended Complaint that the Court finds to be futile on their face. First, the Eighth Claim is not alleged against any identifiable defendant, but is alleged against only an "unknown defendant." [Dkt. 48-1]. At this stage of the proceeding, Plaintiff has had ample time to discover against who, if anyone, he is asserting this claim. The Plaintiff's failure to identify an actual defendant against whom this claim is alleged renders the Eighth Claim futile. Second, as set forth in the Defendants' Motion to Dismiss the Amended Petition, punitive damages are not available under Title IX against the School District. *Najera v. Indep. Sch. Dist. of Stroud No. I-54 of Lincoln County*, 60 F. Supp. 3d 1202, 1208 (W.D. Okla. 2014). Indeed, the Plaintiff concedes this point in his Response in Opposition to Motion. [Dkt. 16]. Thus, any claim for punitive damages asserted against the School District is futile. Therefore, Plaintiff shall not include in his Second Amended Complaint the Eighth Claim or any claim for punitive damages against the School District.

## **CONCLUSION**

In summary, the undersigned Magistrate Judge finds that the Plaintiff has established good cause under Rule 16(b)(4) to add additional facts, claims and parties and that the Plaintiff's Motion [Dkt. 48] is GRANTED IN PART and DENIED IN PART. Specifically, leave is granted for Plaintiff to file the Second Amended Petition as proposed within ten (10) days of this Order except with the Eighth Claim and any claim for punitive damages against the School District stricken. It is further ORDERED that the Defendants' Motion to Dismiss Amended Complaint [Dkt. 13] and Motion for Protective Order Staying Discovery with Combined Brief in Support [Dkt. 43] are DENIED as moot.

IT IS SO ORDERED this 24th day of October, 2022.

*[signature]*

**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**