IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| OSCAR BROWNFIELD, an individual,<br><br>Plaintiff,<br><br>v.<br><br>INDEPENDENT SCHOOL DISTRICT NO. 35 OF CHEROKEE COUNTY a/k/a TAHLEQUAH PUBLIC SCHOOLS, LEON ASHLOCK, MAT CLOUD, DEANN MASHBURN, NATALIE CLOUD, individually, and KIMBERLY WILLIAMS,<br><br>Defendants. | Case No. 21-cv-312-JFH |

## OPINION AND ORDER

This matter is before the Court following Plaintiff's Objections to Magistrate Judge Jackson's Report and Recommendation [Dkt. No. 86], which recommended granting the Motions to Dismiss filed by several Defendants in this matter. Dkt. No. 65, 66, 70, 75. The Court, having conducted a de novo review of those issues to which Plaintiff has properly objected, holds that the Report and Recommendation should be, and hereby is, adopted.

### BACKGROUND

This matter first came before the Court on October 18, 2021, when it was removed to the United States District Court for the Northern District of Oklahoma. Dkt. No. 2. Plaintiff has proceeded pro se since June 2, 2022. Dkt. No. 38. The governing pleading, Plaintiff's Second Amended Complaint, was filed on October 28, 2022. Dkt. No. 55.

Plaintiff alleges that he had been a substitute teacher and a volunteer wrestling coach with Defendant Independent School District No. 35 of Cherokee County a/k/a Tahlequah Public

Schools ("TPS"), and that all Defendants retaliated against him in various ways for making Title IX complaints regarding the behavior of another coach. Dkt. No. 55. Generally, Plaintiff alleges that Defendants refused to employ him further as a substitute teacher and volunteer wrestling coach and have "blacklisted" him from being a wrestling coach at TPS and elsewhere. Dkt. No. 55.

The Court is mindful that Plaintiff proceeds pro se and that Plaintiff attempts to plead complex legal claims. With this in mind, the Court discerns the following claims from Plaintiff's Second Amended Complaint:

> First Claim: Retaliation under Title IX against TPS;
>
> Second Claim: § 1983 claims against TPS, Ashlock, Mashburn, and Mr. Cloud alleging violations of Plaintiff's First Amendment rights and his right to Equal Protection;
>
> Third Claim: § 1983 claims against Ms. Cloud, Mashburn, and Williams alleging conspiracy to violate Plaintiff's First Amendment rights;
>
> Fourth Claim: Claim alleging Due Process violations as to TPS;
>
> Fifth Claim: Violation of Title VII of the Civil Rights Act against TPS;
>
> Sixth Claim: § 1983 claim against Mr. Cloud alleging violation of Plaintiff's First Amendment rights; and
>
> Seventh Claim: § 1983 claim against TPS for violation of Plaintiff's First Amendment rights.

Dkt. No. 55.

Defendants only seek partial dismissal of Plaintiff's Second Amended Complaint. TPS, Ashlock, Mashburn, and Mat Cloud challenge Plaintiff's § 1983 Equal Protection claims, as asserted in his Second Claim. Dkt. No. 65, p. 3; Dkt. No. 66, p. 5; Dkt. No. 70, p. 8. Defendant TPS also moves to dismiss Plaintiff's Fourth Claim, alleging violation of Plaintiff's Due Process rights. Dkt. No. 65, p. 7. Defendants Natalie Cloud, Mashburn, and Williams have moved to dismiss Plaintiff's Third Claim alleging a conspiracy to violate Plaintiff's federally protected

2

rights. Dkt. No. 70, p. 15; Dkt. No. 75, p. 2. Plaintiff's First, Fifth, Sixth, and Seventh Claims are wholly unchallenged, along with the First Amendment based § 1983 claims in Plaintiff's Second Claim for relief.

Plaintiff filed a combined response to the dismissal motions filed by TPS, Ashlock, Mashburn, Mat Cloud, and Natale Cloud [Dkt. No. 76] and he further responded to Ms. Williams' motion to dismiss [Dkt. No. 77]. Reply briefs were filed on behalf of the Defendants. Dkt. No. 80; Dkt. No. 81.

On January 18, 2023, Magistrate Judge Gerald L. Jackson issued a Report and Recommendation, concluding that Defendants' motions to dismiss should be granted and that Plaintiff should not be given leave to further amend his Second Amended Complaint. Dkt. No. 86. Magistrate Judge Jackson held that Plaintiff had failed to plead an adequate § 1983 Equal Protection claim against any defendant because Plaintiff cannot be a "class-of-one" in the context of a public employment discrimination dispute, and, to the extent Plaintiff claims to have been acting on behalf of his minor daughter (an argument that is belied by Plaintiff's actual pleading), Plaintiff had still failed to adequately allege disparate treatment. *Id.*, pp. 8-9. Magistrate Judge Jackson further held that Plaintiff had failed to plausibly allege a conspiracy to violate his civil rights against Defendants Mashburn, Natalie, Cloud, and Williams. *Id.*, pp. 14-18. Magistrate Judge Jackson further held that Plaintiff had failed to state a claim for violation of his due process rights against TPS. *Id.*, pp. 19-20. Lastly, Magistrate Judge Jackson concluded that Plaintiff should not be permitted to further amend his Complaint, noting that Plaintiff has had the opportunity to amend on two previous occasions. *Id.*, p. 20.

Plaintiff filed his objections to the Report and Recommendation on February 1, 2023. Dkt. No. 91. Plaintiff objects to Magistrate Judge Jackson's recommendation that Plaintiff's § 1983 Equal Protection claims in Claim Two be dismissed [Dkt. No. 91, pp. 2-5], that Plaintiff's § 1983 civil conspiracy claims in Claim Three be dismissed [Dkt. No. 91, pp. 5-8], and that Plaintiff not be given leave to amend [Dkt. 91, p. 8]. Plaintiff has not objected to the Report and Recommendation with respect to its holding that Plaintiff's Due Process claim against TPS should be dismissed. Defendants have responded to Plaintiff's Objections. Dkt. No. 92.

## AUTHORITY AND ANALYSIS

I.  **STANDARDS OF REVIEW.**

   A.  **The Court will review de novo those parts of the Report and Recommendation to which Plaintiff has properly objected.**

After a Report and Recommendation has been issued, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b). The Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; see also, 28 U.S.C. § 636(b)(1).

Any objections not properly raised are waived for purposes of review by the District Court. *Klein v. Harper*, 777 F.3d 1144 (10th Cir. 2015); *Silva v. United States*, 45 F.4th 1134 (10th Cir. 2022).

   B.  **Standard of review regarding Defendants' Motions to Dismiss.**

In considering a motion under Rule 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the

4

elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* (citations omitted).

For the purpose of making the dismissal determination, a court must accept all well-pled allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. *Twombly*, 550 U.S. at 555; *Alvarado v. KOB—TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007); *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. *Erikson v. Pawnee Cnty. Bd. Of Cnty. Com'rs*, 263 F.3d 1151, 1154-55 (10th Cir.2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1109-10 (10th Cir.1991).

A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Hall*, 935 F.2d at 1110 (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). "If the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.* However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*

II. **PLAINTIFF HAS FAILED TO STATE A § 1983 CLAIM FOR VIOLATION OF HIS FOURTEENTH AMENDMENT RIGHT TO EQUAL PROTECTION.**

Plaintiff, under 42 U.S.C. § 1983, attempts to state a claim against several Defendants for alleged violation of his Equal Protection rights. Magistrate Judge Jackson recommended dismissal

5

of Plaintiff's Equal Protection claims because the law does not permit a "class-of-one" Equal Protection claim in the public employment context. Dkt. No. 86, pp. 7-8.

Plaintiff objects to the Report and Recommendation, arguing that Magistrate Judge Jackson should have applied certain guidance materials issued by the Department of Education Office for Civil Rights and, thereby, recognized that Plaintiff had alleged disparity of treatment between himself and the Defendants in this case. Dkt. No. 91, pp. 3-4.

A. Law Applicable to Plaintiff's Equal Protection Claims.

Section 1983 of Title 42 of the United States Code provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ..., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress,....

42 U.S.C. § 1983.

Section 1983 does not create substantive rights, but, rather, it provides a remedy for the deprivation of other federally protected rights, such as those created by federal statute or by the United States Constitution. *See Gallegos v. Denver*, 984 F.2d 358, 362 (10th Cir. 1993).

Relevant to the dispute at hand, Plaintiff contends that his constitutional right to Equal Protection has been violated by the alleged actions of Defendants. Dkt. No. 55, pp. 8-13. The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution dictates that: "No State shall … deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, §1. This clause prohibits "governmental decisionmakers from treating differently persons who are in all relevant respects alike." *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992); s*ee Corder v. Lewis Palmer School Dist. No. 38,* 566 F.3d 1219, 1233 (10th Cir. 2009) ("Equal protection 'is essentially a direction that all persons similarly situated should be treated

alike.'") (quoting *City of Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 439 (1985)). Plaintiffs seeking redress for alleged violations of Equal Protection rights "generally allege that they have been arbitrarily classified as members of an 'identifiable group.'" *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591 (2008) (quoting *Personnel Administrator of Mass. v. Feeney,* 442 U.S. 256, 279 (1979)).

The Second Amended Complaint attempts to state a "class-of-one" claim, rather than identifying Plaintiff with any identifiable class or group. Dkt. No. 55, p. 7; *see Willowbrook v. Olech,* 528 U.S. 562, 564 ("Our cases have recognized successful equal protection claims brought by a 'class-of-one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment") (citing *Sioux City Bridge Co.* v. *Dakota County,* 260 U.S. 441 (1923); *Allegheny Pittsburgh Coal Co.* v. *Commission of Webster Cty.,* 488 U.S. 336 (1989)). However, the Supreme Court has affirmatively held that the class-of-one theory is not applicable in public employment cases:

> Our traditional view of the core concern of the Equal Protection Clause as a shield against arbitrary classifications, combined with unique considerations applicable when the government acts as employer as opposed to sovereign, lead us to conclude that the class-of-one theory of equal protection does not apply in the public employment context.

*Engquist*, 553 U.S. at 598; *see also Kelley v. City of Albuquerque*, 542 F.3d 802, 822 (10th Cir. 2008).

## B. Plaintiff's class-of-one theory is not legally viable.

Plaintiff's Second Amended Complaint unequivocally attempts to assert a class-of-one Equal Protection theory on his own behalf, not on behalf of any identifiable class. *See* Dkt. No. 55, ¶¶ 12, 13, 15, 34, 41, 45, 47, et al. Plaintiff seeks to redress alleged harms to himself relating

7

to his employment with TPS as a substitute teacher and his volunteering as a wrestling coach. *See* Dkt. No. 55, ¶¶ 36, 37, 39, 47, 52, et al.

Plaintiff's class-of-one Equal Protection theory, which seeks redress for alleged discrimination relating to Plaintiff's employment, is not a legally viable claim, as was expressly stated by the United States Supreme Court in *Engquist*, 553 U.S. at 598, and by the Tenth Circuit in *Kelley*, 542 F.3d at 822. Upon de novo review, Plaintiff's § 1983 claims, based in alleged Equal Protection violations, asserted against Defendants TPS, Ashlock, Mashburn, and Mat Cloud fail to state a claim for which relief can be granted and should be dismissed.

The Court has been careful to define Plaintiff's Equal Protection claims with reference to the Second Amended Complaint because Plaintiff, in briefing the issues before Magistrate Jackson and the Court, has construed his claim as unrelated to employment. Dkt. No. 76, p. 14-16; Dkt. No. 91, p. 5. There is no reading of Plaintiff's Second Amended Complaint that could so construe Plaintiff's claims: the gravamen of the Second Amended Complaint relates to alleged workplace discrimination Plaintiff suffered due to his Title IX complaint; Plaintiff seeks redress for damages related to his employment with TPS and his status as a volunteer coach.

Plaintiff also argues that his claim is not properly understood as a class-of-one Equal Protection claim relating to public employment, but, rather, it relates solely to his status as a Title IX complainant, and, as such, the proper comparators are other Title IX complainants within the district. Dkt. No. 76, p. 15. This argument is undercut by the Second Amended Complaint's continual reference to Plaintiff's employment with TPS and by the fact that Plaintiff seeks redress for alleged harms related to his employment. *See* Dkt. No. 55, ¶¶ 36, 37, 39, 47, 52, et al. Nevertheless, even construing Plaintiff's Equal Protection claim as relating solely, or alternatively, to the handling of his Title IX complaint in comparison to how Defendants handled other such

complaints, Plaintiff has still failed to state a claim for relief because the Complaint does not plausibly allege differential treatment. In this respect, the Second Amended Complaint contains only "labels and conclusions, and a formulaic recitation of the elements" of the Equal Protection claim. *Twombly*, 550 U.S. at 555; *see* Dkt. No. 55, ¶ 64.

In Plaintiff's Objections to the Report and Recommendation, he argues that the Complaint alleges that Plaintiff was treated differently from the Defendants themselves with regard to the handling of his Title IX Complaint. Dkt. No. 91, p. 4. This argument is without merit. The defendants are not relevant comparators to Plaintiff, as they are not similarly situated to Plaintiff with respect to his Title IX complaint. Plaintiff, in his Objections, also cites to various administrative materials regarding the handling of Title IX complaints. Dkt. No. 91, pp. 2-3. These cited materials do not impact the Court's conclusion that dismissal is appropriate. The administrative guidance in question is irrelevant to Defendants' dismissal arguments, and, moreover, the cited materials are not part of Plaintiff's Second Amended Complaint and so should not be considered.

**C. Alleged retaliation against Plaintiff on account of his Title IX complaint does not constitute a violation of Plaintiff's Equal Protection rights.**

There are further fundamental problems with Plaintiff's §1983 Equal Protection claims; namely, Plaintiff's allegations of retaliative acts by Defendants simply do not implicate Plaintiff's Equal Protection rights.

The Tenth Circuit has consistently held that a "retaliation claim … simply does not implicate the Equal Protection Clause." *Watkins v. Bowden*, 105 F.3d 1344, 1354 (10th Cir. 1997); *see also Maldonado v. City of Altus*, 433 F.3d 1294, 1308 (10th Cir. 2006); *Teigen v. Renfrow*, 511 F.3d 1072, 1085-86 (10th Cir. 2007). The Equal Protection Clause is not implicated for the simple reason that the alleged harmful actions were allegedly taken against Plaintiff on the basis of

Plaintiff's speech and / or conduct, rather than on the basis of any illicit classification. *See Wilcox v. Lyons*, 970 F.3d 452, 460 (4th Cir. 2020) (No Equal Protection violation where plaintiff alleged she had been terminated in retaliation for workplace complaints about sex discrimination) (citing *CBOCS W., Inc. v. Humphries*, 553 U.S. 442, 460 (2008) (Thomas, J., dissenting) ("When an individual is subjected to reprisal because he has complained about racial discrimination, the injury he suffers is not on account of his *race*; rather, it is the result of his *conduct*.")). The logical avenue for redress against retaliatory activity is either the First Amendment, to the extent that a plaintiff alleges retaliation as a result of expressive activity, or under the specific statute that provides the right to be free from retaliation. *Watkins*, 105 F.3d at 1354. Other circuits that have considered the issue have held that the Equal Protection Clause provides no right to be free from retaliation. *See Bernheim v. Litt,* 79 F.3d 318, 323 (2d Cir.1996); *Thomas v. Indep. Twp.*, 463 F.3d 285, 298 n.6 (3d Cir. 2006); *Thompson v. City of Starkville*, 901 F.2d 456, 468 (5th Cir. 1990); *R.S.W.W., Inc. v. City of Keego Harbor*, 397 F.3d 427, 439-440 (6th Cir. 2005); *Boyd v. Ill. State Police*, 384 F.3d 888, 898 (7th Cir. 2004); *Burton v. Martin*, 737 F.3d 1219, 1237 (8th Cir. 2013); *Ratliff v. DeKalb County,* 62 F.3d 338, 340 (11th Cir.1995).

The Court concludes that Plaintiff has failed to state a claim under § 1983 for violation of his rights to Equal Protection as to any Defendant, as the Equal Protection Clause does not provide any relevant right to Plaintiff. This is an additional, alternative basis for dismissal of the § 1983 claims at issue.

**D. <u>Defendants are entitled to qualified immunity as to Plaintiff's §1983 claims asserting Equal Protection violations.</u>**

Defendants Ashlock, Mashburn, and Mr. Cloud also argue that they are entitled to qualified immunity with respect to Plaintiff's Equal Protection claims. With Defendants having invoked qualified immunity, it is incumbent upon Plaintiff to demonstrate "(1) the defendant's actions

violated a constitutional or statutory right, and (2) that right was clearly established at the time of the defendant's complained-of conduct." *Irizarry v. Yehia*, 38 F.4th 1282, 1287-1288 (10th Cir. 2022) (quoting *Truman v. Orem City*, 1 F.4th 1227, 1235 (10th Cir. 2021)).

Given that the Court has already found that Plaintiff has failed to state a claim for relief as regards his § 1983 Equal Protection claims, it follows that the individual Defendants are entitled to qualified immunity with respect to those claims. *Montoya v. Vigil*, 898 F.3d 1056, 1064-1065 (10th Cir. 2018) ("if the plaintiff failed to state a claim under Rule 12(b)(6), the government would also be entitled to qualified immunity)).

### III. PLAINTIFF HAS FAILED TO STATE A PLAUSIBLE CLAIM FOR CIVIL CONSPIRACY.

Plaintiff has also asserted a claim under § 1983 for conspiracy to retaliate against him in violation of his First Amendment rights against Defendants Ms. Cloud, Mashburn, and Williams. Dkt. No. 55, pp. 13-16. Magistrate Judge Jackson's Report and Recommendation recommends dismissal of Plaintiff's §1983 civil conspiracy claim, finding that Plaintiff's factual allegations fail to plausibly allege the elements of a conspiracy. Dkt. No. 86, pp. 16-18. Plaintiff objects to Magistrate Judge Jackson's Report and Recommendation, arguing that the Magistrate Judge failed to consider all of Plaintiff's factual allegations and applied too strict of a pleading standard in determining whether Plaintiff had plausibly stated a conspiracy claim. Dkt. No. 91, pp. 5-8.

In broad strokes, Plaintiff seeks to allege that these individual defendants, in retaliation for Plaintiff's Title IX complaints, used an incident in which Plaintiff sat near Ms. Cloud at a high school football game as pretext for claiming that Plaintiff had harassed the Clouds and committed criminal misconduct; ultimately, Defendants caused TPS to issue official correspondence to Plaintiff threatening to ban Plaintiff from TPS properties and accusing him of misconduct. *Id*. However, Plaintiff's cognizable factual allegations cannot support the weight of his conspiracy

claim: Plaintiff does not plausibly allege that Defendant Mashburn took part in any conspiracy against Plaintiff, and, as Mashburn is the only state actor allegedly involved in the conspiracy, this deficit is fatal to Plaintiff's §1983 conspiracy claim.

The Tenth Circuit has defined the elements of a conspiracy claim under §1983 as: "(1) an actual deprivation of a constitutional right, (2) a combination of two or more persons acting in concert and (3) a meeting of the minds, an agreement among defendants or a general conspiratorial objective. *Brooks v. Gaenzle*, 614 F.3d 1213, 1227-28 (10th Cir. 2010). Plaintiff's allegations of conspiracy fail because he has not plausibly alleged the second or third necessary elements. Regarding Defendant Mashburn, the TPS Title IX coordinator, Plaintiff alleges only that Ms. Mashburn forwarded an email from Ms. Cloud and a memorandum from Mr. Cloud to TPS' attorney and TPS' Superintendent, Mr. Ashlock. Dkt. No. 55, p. 15. There is nothing in these actions that would indicate, or permit the reasonable inference, that Ms. Mashburn, by forwarding these materials, was participating in a conspiracy to violate Plaintiff's First Amendment rights or had ever agreed to do so. Plaintiff must allege facts "plausibly suggesting (not merely consistent with) agreement" in order to state a claim for conspiracy. *Twombly*, 550 U.S. at 557. Plaintiff has not plausibly alleged that Mashburn participated in any conspiracy.

The absence of Mashburn is fatal to Plaintiff's conspiracy claim. "When a plaintiff seeks to prove state action based on a conspiracy theory, a requirement. . . is that both public and private actors share a common, unconstitutional goal." *Sigmon v. CommunityCare HMO, Inc.*, 234 F.3d 1121, 1126 (10th Cir. 2000) (quotations omitted). Even if Plaintiff has plausibly alleged that Ms. Cloud and Williams agreed to submit false reports about his behavior in retaliation for his Title IX complaints, neither Ms. Cloud nor Williams is a state actor capable of violating Plaintiff's constitutional rights or susceptible to liability under §1983.

### IV. PLAINTIFF SHOULD NOT BE GIVEN FURTHER OPPORTUNITY TO AMEND HIS COMPLAINT.

Magistrate Judge Jackson concluded the Report and Recommendation by finding that Plaintiff should not be given further opportunity to amend his Second Amended Complaint. Dkt. No. 86, p. 20. Plaintiff has objected to the Report and Recommendation in this respect, arguing that he should be given leave to correct any deficiency in his Second Amended Complaint. Dkt. No. 91, p. 8.

The Court first notes that the Eastern District of Oklahoma local rules requires that Plaintiff, in order to properly move to amend his Complaint, separately move to do so and, further, that Plaintiff attach a proposed amended pleading to said motion. LCvR7.1 (k). Plaintiff has not even attempted to comply with said local rule and, instead, has simply requested leave to amend, in passing, within another pleading. Dkt. No. 76, p. 21. The Tenth Circuit has "consistently affirmed denials of leave to amend where – as here – leave was based on 'fleeting request[s]' which 'd[o] not identify with specificity' the basis for amendment." *Carraway v. State Farm Fire & Cas. Co.*, 2023 U.S. App. LEXIS 22004, *18-19 (10th Cir. 2023)[1] (quoting *Serna v. Denver Police Dep't,*, 58 F.4th 1167, 1172 (10th Cir. 2023)). The Tenth Circuit "has done the same where a party– as here – failed to follow the procedural rules for requesting amendments." *Id.*; citing *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1282, 1283 (10th Cir. 2021) ("[B]are requests for leave to amend do not rise to the status of a motion and do not put the issue before the district court.").

Plaintiff argues that opportunity to amend the claims subject to dismissal would be his first opportunity to amend these particular claims, but, in the Court's view, this is not a critical consideration. Dkt. No. 91, pp. 8-9. The claims in question are based upon facts that have been

---

[1] Unpublished opinions are not binding precedent but may be cited for their persuasive value. *See* 10th Cir. R. 32.1; Fed. R. App. P. 32.1.

known to Plaintiff since he instituted this lawsuit, and, as such, Plaintiff could have included these claims in any of the prior versions of his Complaint. Amendment of the pleadings is properly denied when, "it appears that the plaintiff is using Rule 15 to make the complaint a moving target, to salvage a lost case by untimely suggestion of new theories of recovery, to present theories seriatim in an effort to avoid dismissal, or to knowingly delay raising an issue until the eve of trial." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006). When Plaintiff made his "fleeting request" to amend, this matter had already been pending for approximately 15 months, Plaintiff had already amended his Complaint on two prior occasions, and the time for amendments to the pleadings set forth in the applicable Scheduling Order [Dkt. No. 64] had already passed. Given the substantial delay in Plaintiff's seeking to amend his Complaint, the fact that Plaintiff could have raised these claims at any prior time and did not, and that Plaintiff only sought to amend when facing potential dismissal of his claims, the Court finds that Plaintiff's belated (and procedurally improper) request to amend his Complaint is indeed an attempt "to make the complaint a moving target," and Plaintiff will not be permitted to further amend his Complaint in this matter.

## CONCLUSION

IT IS THEREFORE ORDERED that the Objections filed by Plaintiff Mr. Brownfield [Dkt. No. 91] are OVERRULED. The Court ADOPTS the Magistrate Judge's Report and Recommendation [Dkt. No. 86].

In accordance with the foregoing Order, Plaintiff's third claim, fourth claim, and that portion of Plaintiff's Second claim alleging § 1983 Equal Protection claims against TPS, Ashlock, Mashburn, and Mat Cloud, are dismissed with prejudice.

Dated this 7th day of April 2025.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE