IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

OSCAR BROWNFIELD, an individual,

Plaintiff,

v.

Case No. 21-cv-312-JFH

INDEPENDENT SCHOOL DISTRICT
NO. 35 OF CHEROKEE COUNTY a/k/a
TAHLEQUAH PUBLIC SCHOOLS,
LEON ASHLOCK,
MAT CLOUD
DEANN MASHBURN
NATALIE CLOUD, individually, and
KIMBERLY WILLIAMS,

Defendants.

## OPINION AND ORDER

Before the Court is Plaintiff Oscar Brownfield's Motion to Reconsider. Dkt. No. 131. Defendants have responded to Plaintiff's Motion [Dkt. No. 136], so this matter is ripe for review. For the reasons set forth herein, Plaintiff's Motion is DENIED.

## BACKGROUND

Plaintiff is a former substitute teacher and volunteer wrestling coach with Independent School District No. 35 of Cherokee County a/k/a Tahlequah Public Schools ("TPS"). Dkt. No. 55 at 3. He alleges that Defendants TPS, Leon Ashlock, Mat Cloud ("Mr. Cloud"), Deann Mashburn, Natalie Cloud ("Ms. Cloud"), and Kimberly Williams all retaliated against him in various ways for making Title IX complaints about another TPS coach. Pursuant to his Second Amended Complaint, Plaintiff brought seven claims against the various Defendants, several of which were dismissed by the Court on April 7, 2025. Dkt. No. 122.

Plaintiff now asks the Court to reconsider one of those dismissed claims. That claim, which Plaintiff brought under 42 U.S.C. § 1983, alleges that Mashburn (TPS' Title IX Coordinator), Ms. Cloud (a TPS grants coordinator), and Williams (Northeastern State University's Dean of Students) conspired to provide false information to Leon Ashcroft (TPS' Superintendent) about Plaintiff's conduct at a football game. Dkt. No. 55 at ¶¶ 65-70. Superintendent Ashcroft allegedly relied upon this false information and sent Plaintiff a letter accusing him of criminal conduct and threatening to involve law enforcement. *Id.* at ¶ 71. According to Plaintiff, this letter "created an environment in which [Plaintiff] was not free to associate with others" at TPS, chilling his First Amendment rights. *Id.* at ¶ 73.

Ultimately, the Court dismissed Plaintiff's § 1983 conspiracy claim for several reasons. Among others, Plaintiff did not plausibly allege that Mashburn participated in any conspiracy against Plaintiff. Dkt. No. 122 at 12. Furthermore, because Mashburn was the only "state actor" allegedly involved in this conspiracy, Plaintiff's allegations failed to establish the elements of a § 1983 conspiracy claim under applicable Tenth Circuit precedent. *Id.* Plaintiff now moves the Court to reconsider that dismissal. Dkt. No. 131.

## STANDARD OF DECISION

In the instant motion, Plaintiff moves the Court to reconsider its dismissal pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). Dkt. No. 131 at 1. However, Rules 59(e) and 60(b) apply to final orders or judgments, not interlocutory denials of motions to dismiss. *See* Wright & Miller § 2817 at 229 ("[A] Rule 59(e) motion is . . . considered untimely if it is made before the entry of judgment."); *see also Raytheon Constructors Inc. v. ASARCO, Inc.*, 368 F.3d 1214, 1217 (10th Cir. 2003) ("The district court was incorrect to treat [plaintiff's] motion for reconsideration [of an interlocutory order] under Rule 60(b), which only applies to final orders or

2

judgments."). Instead, the Court shall review Plaintiff's motion under Rule 54(b), which gives the Court broad discretion to revise an interlocutory order prior to entry of final judgment. Fed. R. Civ. P. 54(b) ("[A]ny order . . . however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.").

To review Plaintiff's Motion to Reconsider under Rule 54(b), the Court may use the framework provided by *Servants of Paraclete v. Does,* 204 F.3d 1005 (10th Cir. 2000). *See Ankeney v. Zavaras*, 524 F. App'x 454, 458 (10th Cir. 2013). Under this framework, motions to reconsider may be granted only where: (1) there has been "an intervening change in the controlling law;" (2) there is newly discovered evidence which was previously unavailable; or (3) it is necessary "to correct clear error or prevent manifest injustice." *Servants of Paraclete*, 204 F.3d at 1012. Thus, "a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* But, it is "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* Ultimately, because the conditions that justify reconsideration are rarely present, such motions are "an extreme remedy" that are "granted in rare circumstances." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995).

## DISCUSSION

Having carefully reviewed Plaintiff's motion, the Court finds no basis for reconsidering the dismissal of his § 1983 conspiracy claim.

### A. Plaintiff failed to allege that Ms. Cloud or Williams were state actors.

To begin, Plaintiff does not support his motion by presenting an intervening change in controlling law or newly discovered evidence that was previously unavailable. *See Servants of*

3

*Paraclete*, 204 F.3d at 1012. Instead, Plaintiff argues that because Ms. Cloud is a grants coordinator for TPS, the Court should have concluded Ms. Cloud was a state actor for this alleged conspiracy. Dkt. No. 131 at 2. He also suggests that given Williams' "close relationships and overlapping conduct with state employees," the Court should have held she was jointly engaged with "state actors." Dkt. No. 131 at 2-3. In presenting these arguments for reconsideration, Plaintiff seeks to establish that two or more persons conspired under color of state law to deprive him of his First Amendment rights. *See Brooks v. Gaenzle*, 614 F.3d 1213, 1227-28 (10th Cir. 2010) (overruled on other grounds by *Torres v. Madrid*, 592 U.S. 306 (2021)); *see also Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998).

However, a defendant's public employment does not mean all of his actions were taken under "color of state law." Instead, "a defendant in a § 1983 suit acts under color of state law when he abuses the position given to him by the State." *West v. Atkins*, 487 U.S. 42, 50 (1988). So, "[i]f a state officer pursues personal objectives without using or misusing the power granted to him by the state to achieve the personal aim, then he is not acting under color of state law." *Harris v. Rhodes*, 94 F.3d 196, 197 (5th Cir. 1996); *see also D.T. by M.T. v. Indep. Sch. Dist. No. 16 of Pawnee Cnty., Okl.*, 894 F.2d 1176, 1186 (10th Cir. 1990) ("Acts of a state officer in the ambit of his personal pursuits are not acts under color of state law.").

Here, Plaintiff's Motion to Reconsider fails to explain how the Court misapplied this law to Plaintiff's Second Amended Complaint. Plaintiff alleged that Mashburn, the TPS Title IX coordinator, conspired with Ms. Cloud and Williams to punish him for his Title IX complaint. Dkt. No. 55 at ¶ 66. However, Plaintiff merely alleged that Mashburn forwarded communications from the Clouds to TPS' attorney and Superintendent Ashlock. *Id.* at ¶ 70. Nothing indicates that Mashburn, by forwarding these materials, agreed to participate in a conspiracy to violate Plaintiff's

4

First Amendment rights. *See* Dkt. No. 122 at 11-12 (stating the same). Nor does Plaintiff even dispute this conclusion in his Motion to Reconsider.

So, without Mashburn, Plaintiff must establish that Ms. Cloud or Williams acted under color of state law when the other allegedly agreed to submit false reports about him. *See Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980) ("Private persons, jointly engaged with state officials in the challenged action, are acting [] 'under color' of law for purposes of § 1983 actions."). But Plaintiff's Second Amended Complaint does not allege that Ms. Cloud or Williams used and abused their public positions to submit these false reports. Nor did Plaintiff even raise this argument as an objection to the Magistrate Judge's Report and Recommendation. *See Stoops v. Larson*, 823 F. App'x 620, 622 (10th Cir. 2020) (stating that a pro se plaintiff's failure to timely object to a magistrate judge's report and recommendation waives his objection). Therefore, the Court finds no clear error or manifest injustice requiring reconsideration of his conspiracy claim.

**B. Defendants' familial relationship and extraneous text messages do not warrant reconsideration**.

Plaintiff also asks this Court to reconsider the dismissal of his conspiracy claim on a variety of other grounds. For example, because Ms. Cloud and Williams share a "close familial relationship," Plaintiff encourages the Court to find a "retaliatory motive and a common goal of targeting Plaintiff after the Title IX complaint." Dkt. No. 131 at 3. Plaintiff further encourages the Court to consider several text messages between the Clouds and Williams, which were not attached to his Amended Complaint, to establish sufficient allegations of a conspiratorial agreement. *Id.* However, both arguments ignore the fatal flaw for Plaintiff's conspiracy claim— Plaintiff' did not sufficiently allege that Ms. Cloud or Williams acted under color of state law to retaliate against him. Because Plaintiff failed to sufficiently plead an element of his § 1983 conspiracy claim, the Court need not consider these arguments as a basis for reconsideration.

5

### C. Limited discovery is futile because Plaintiff did not state a civil conspiracy claim against Mashburn, Ms. Cloud, and Williams.

Finally, Plaintiff requests limited discovery "into communications among the alleged conspirators . . . to further develop the factual basis for this claim." Dkt. No. 131 at 4. However, "discovery is not necessary to resolve a motion to dismiss for failure to state a claim for relief." *Sheldon v. Khanal*, 502 F. App'x 765, 773 (10th Cir. 2012). Indeed, "[t]he court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's amended complaint alone is legally sufficient to state a claim for which relief may be granted." *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010) (quoting *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991)). The Court has already determined that Plaintiff failed to state a civil conspiracy claim against Mashburn, Ms. Cloud, and Williams, and it has repeated that holding here. Dkt. No. 122 at 12. Accordingly, Plaintiff's request for limited discovery is futile and denied.

### CONCLUSION

Plaintiff has not shown any intervening change in the law, any newly discovered evidence, or that reconsideration is necessary to correct clear error or prevent manifest injustice. *See Servants of Paraclete*, 204 F.3d at 1012. IT IS THEREFORE ORDERED that Plaintiff's Motion to Reconsider [Dkt. No. 131] is DENIED.

Dated this 8th day of September, 2025.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE