**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| OSCAR BROWNFIELD, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. CIV-21-312- GLJ** |
| | ) | |
| CHEROKEE COUNTY SCHOOL | ) | |
| DISTRICT NO. 35 a/k/a | ) | |
| TAHLEQUAH PUBLIC SCHOOLS, | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This matter comes before the Court on motion for reconsideration of this Court's previous order granting partial summary judgment to Defendants Cherokee County School District No. 35 a/k/a Tahlequah Public Schools ("TPS") and Mat Cloud. For the reasons set forth below, Plaintiff's Motion to Reconsider [Docket No. 187] is GRANTED IN PART and DENIED IN PART.

**I.    Procedural History**

As the procedural history of this case has been discussed extensively in other orders, the Court provides a shorter summary here. Plaintiff filed this case on September 10, 2021, in Oklahoma state court in Cherokee County, Case No. 21-CJ-98, against TPS and Defendant Ashlock. Defendants removed the case to this Court on October 18, 2021 [Docket Nos. 1-2]. Plaintiff ultimately filed a Second Amended Complaint, which is now the operative Complaint in this case. Several claims were dismissed early, then the remaining parties, including Plaintiff, moved for summary judgment as to the remaining

claims: (1) retaliation pursuant to Title IX against TPS (Count I); (2) violation of the First Amendment, pursuant to 42 U.S.C. § 1983 against TPS and individual Defendants Ashlock, Mashburn, and Mr. Cloud (Count II); (3) retaliation pursuant to Title VII as to TPS (Count V); (4) First Amendment retaliation, pursuant to § 1983 as to Mr. Cloud (Count VI); and (5) First Amendment retaliation pursuant to § 1983 as to TPS (Count VII). This Court granted Defendants summary judgment as to all but Count 1, Plaintiff's claim for retaliation pursuant to Title IX against TPS. Docket Nos. 144, 171, 181

On March 19, 2026, Plaintiff moved to reconsider the Court's summary judgment ruling, and the Court ordered an expedited Response. Docket Nos. 187, 190. While the Reply deadline has not expired, "the court believes the issues raised in the motion and response have been adequately briefed and the court need not wait for a reply prior to issuing its ruling." *Pawnee Petroleum Prods., LLC v. Crawford*, 2003 WL 21659665, at *1 n.1 (D. Kan. Apr. 18, 2003); *see also Scott v. Dona Ana Cnty. Comm'rs*, 2012 WL 1132464, at *13 n.17 (D.N.M. Mar. 28, 2012), ("[A] court need not await a reply brief before reaching a decision."), *aff'd in part, appeal dismissed in part sub nom. Scott v. Rubio*, 516 Fed. Appx. 718 (10th Cir. 2013).

## II.     Law Applicable

The Federal Rules of Civil Procedure do not recognize a "motion to reconsider." Instead, the rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e) or a motion seeking relief from the judgment pursuant to Fed.R.Civ.P. 60(b). These two rules are distinct; they serve different purposes and produce different consequences. Which rule applies to a motion depends essentially on the time a motion is served.

*Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Moreover, "where, as here, a party's motion seeks reconsideration of a *non-final order*, such relief falls within the Court's discretionary power to revisit and amend its interlocutory orders as justice requires." *Equal Emp. Opportunity Comm'n v. Jetstream Ground Servs., Inc.*, 2016 WL 879625, at *1 (D. Colo. Mar. 8, 2016) (emphasis added) (citing *Fye v. Okla. Corp. Comm'n*, 516 F.3d 1217, 1224 n. 2 (10th Cir. 2008) ("The District Court's partial summary judgment ruling was not a final judgment. Thus, [Plaintiff's] motion for reconsideration is considered an interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment.") and Fed. R. Civ. P. 54(b)); *see also Price v. Philpot*, 420 F.3d 1158, 1167 n. 9 (10th Cir. 2005) ("[E]very order short of a final decree is subject to reopening at the discretion of the district judge.") (quotation omitted); *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n. 1 (10th Cir. 1991) (noting that a motion for reconsideration filed prior to final judgment "was nothing more than an interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment.").

Courts differ as to the standard of review applied to motions to reconsider interlocutory orders, but many apply the standard for motions to reconsider pursuant to Rule 59(e). *See In re Akbari-Shahmirzadi*, 2013 WL 1099794, at *4-5 (D. N.M. March 15, 2013) (collecting cases). The three major grounds for reconsideration of a non-final order are thus generally considered the same as the grounds for reconsideration under Rule 59(e): "where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing Fed. R.

App. P. 40(a)(2)); *see also Bradley v. Denver Health & Hosp. Auth.*, 2011 WL 766951, at *1 (D. Colo. Feb. 24, 2011) ("Although courts in this district have applied different standards . . . the basic assessment tends to be the same: courts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error."). Even with broad discretionary authority, however, "[i]t is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Paraclete*, 204 F.3d at 1012. Because this review falls under the Court's general discretionary authority, the Court also notes that, "[i]n this circuit, abuse of discretion is defined as 'an arbitrary, capricious, whimsical, or manifestly unreasonable judgment.'" *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1331 (10th Cir. 1996) (quoting *FDIC v. Oldenburg,* 34 F.3d 1529, 1555 (10th Cir. 1994)) (quoting *United States v. Hernandez–Herrera,* 952 F.2d 342, 343 (10th Cir. 1991)). Thus, "[a]bsent extraordinary circumstances . . . the basis for the second motion must not have been available at the time the first motion was filed." *Paraclete*, 204 F.3d at 1012.

### III.    Analysis

In his Motion, Plaintiff argues that the court committed error in incorrectly applying the summary judgment standard, erroneously applying the *McDonnell Douglas*[1] test in the face of direct evidence, as well as errors related to Defendant's previous admissions and his arguments related to whether an October 2019 letter constituted a material adverse action. He further seeks to revive a Title VII retaliation claim against Cloud for his alleged

---

[1] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-803 (1973).

4

provision of a negative reference to Broken Arrow Public Schools, as well as a *Monell*[2] claim for First Amendment Retaliation against TPS. The Court has carefully analyzed the Motion for Reconsideration and the attendant response (Docket Nos. 187, 191), the Court's Order granting partial summary judgment (Docket No. 181), and the briefing on Defendants' underlying Motion for Summary Judgment (Docket Nos. 144, 174, 178), and now makes the following findings.

### A. Mat Cloud Deposition Statements

Plaintiff first contends the Court misapplied the *McDonnell Douglas* burden-shifting framework to his claim for Title VII retaliation, contending deposition statements from Cloud constitute direct evidence. Direct evidence would support an inference that Plaintiff's protected activity, *i.e.*, filing the Title IX Complaint and the OCR complaint, creates a genuine issue of material fact to defeat summary judgment. *See Fischer v. Forestwood Co.*, 525 F.3d 972, 983 (10th Cir. 2008) ("In such a case, we ask only whether the plaintiff's direct evidence is sufficient to create a genuine issue of material fact to defeat summary judgment."). Comments reflecting "personal bias do not qualify as direct evidence of discrimination unless the plaintiff shows the speaker had decisionmaking authority and acted on his or her discriminatory beliefs." *Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1216 (10th Cir. 2013). Cloud was not the sole decisionmaker, but he was one of four serving on the interview committee. Docket No. 144, Ex. 19. Under the "cat's paw" causation theory, "the biased motive of a subordinate can be imputed to the unbiased, final

---

[2] *Monell v. Dep't of Social Svcs. of City of New York*, 436 U.S. 658 (1978).

decisionmaker." *EEOC v. BCI Coca-Cola Bottling Co. of L.A.*, 450 F.3d 476, 484-86 (10th Cir. 2006). Because Plaintiff made arguments related to pretext, the Court misapprehended Plaintiff's position as applying the burden-shifting test rather than relying on the statements of Cloud as direct evidence creating a genuine issue of material fact. *See Montoya v. Progress Rail Servs. Corp.*, 2016 WL 10539092, at *6 (D.N.M. May 18, 2016) ("[D]irect evidence of retaliation is evidence of conduct or statements by persons involved in the decisionmaking process that may be viewed as directly reflecting a retaliatory attitude and therefore the prerequisite knowledge of protected activity."). Whether protected activity was the but-for cause of the committee's decision not to hire Plaintiff will be for the jury to determine. *See Univ. of Tex. Sw. Med. Ctr.*, 570 U.S. 338, 133 S.Ct. 2517, 2528, 186 L.Ed.2d 503 (2013) (Retaliation claims under Title VII "require proof that the desire to retaliate was the but-for cause of the challenged employment action."). At this stage, Plaintiff has persuasively argued the Court's grant of summary judgment as to TPS on his Title VII retaliation claim was based on a misapprehension as to Plaintiff's position regarding the evidence. Plaintiff's motion to reconsider is therefore GRANTED, but only to the extent that the Court vacates its grant of summary judgment to TPS on Plaintiff's claim for Title VII retaliation regarding his application for the April 2021 job posting.

**B. Admissions**

Plaintiff next contends the Court "allowed" Defendants to "plead facts they had already admitted were pretext" in relation to the hiring process for the posted position and statements regarding the applicants' certification, including Defendant's. These admissions are not contrary to the facts of the case, nor do they establish Plaintiff's

6

entitlement to summary judgment. This is an improper use of a motion to reconsider, as it asks "the court to rethink what it has already thought through – rightly or wrongly." *Krueger v. Elliott*, 2024 WL 3527671, at *1 (E.D. Okla. July 24, 2024).

The Court also notes that Plaintiff takes issue with the Court's holding that any claims Plaintiff could become certified are speculative. As a point of clarification, such a claim was speculative because, during the relevant time period and leading up to Plaintiff filing suit, he was not, in fact, certified. This is in contrast with the teacher who was hired and, in fact, certified in June 2021.

Furthermore, statements made by counsel at the sanctions hearing held March 17, 2026, did not constitute "admissions made during trial," as Plaintiff contends. Plaintiff fails to clarify the statements he is referring to, and has not supplemented his motion. To the extent this is not resolved by the Court's ruling with regard to Plaintiff's Title VII retaliation claim regarding the April 2021 job posting, Plaintiff's motion is denied.

### C. October 2019 Letter

Plaintiff additionally argues that the Court committed error in finding that Leon Ashlock's October 2019 letter was not a material adverse action. The Court squarely addressed this argument in its Order. *See* Docket No. 181, pp. 11-12. A motion for reconsideration "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of Paraclete*, 204 F.3d at 1012. Plaintiff contends the Court erred because the Court did not adopt Plaintiff's argument and therefore did not give him every available inference. Contrary to Plaintiff's assertion, the summary judgment standard does not require the Court to adopt every inference

propounded by Plaintiff. "Although the summary judgment standard requires that all inferences be drawn in favor of the non-moving party, the non-movant receives the benefit of only those inferences that are 'justifiable,' 'reasonable,' or 'rational[.]'" *Parker v. Cogentrix Blount Cnty. Holdings, Inc.*, 2006 WL 561885, at *6 (N.D. Okla. Mar. 6, 2006) (quoting *Byers v. City of Albuquerque,* 150 F.3d 1271, 1274 (10th Cir. 1998); *Anderson v. Liberty Lobby,* 477 U.S. 242, 255 (1986) (justifiable); *Gullickson v. Southwest Airlines Pilots' Ass'n,* 87 F.3d 1176, 1183 (10th Cir. 1996) (reasonable); *Ortiz v. Norton,* 254 F.3d 889, 896 (10th Cir. 2001) (rational)). The Court has thus not "misapprehended. . . the controlling law." *Paraclete*, 204 F.3d at 1012. Plaintiff "is improperly using the motion to reconsider to ask the court to rethink what it has already thought through – rightly or wrongly." *Krueger*, 2024 WL 3520801, at *2.

**D. Title VII Retaliation, Negative Reference to Broken Arrow Public Schools**

Plaintiff alleges he raised a separate Title VII retaliation claim that the Court fails to address, namely, a claim predicated on an alleged negative reference Cloud provided to Broken Arrow Public Schools in June 2021. Plaintiff's Motion for Summary Judgment (Docket No. 170) cited two exhibits in support of this allegation. First, Plaintiff cited his own Exhibit 21, which contains excerpts from Broken Arrow Public Schools' response to Plaintiff's OCR allegations. The relevant portion of this exhibit states:

> When he applied with the District, Brownfield did not list any references, only prior employers. As a result and to conduct due diligence, Melton contacted the school district listed by Brownfield at his most recent workplace, Tahlequah Public Schools. During this contact, Melton learned that Brownfield had filed a Title IX complaint against Tahlequah Public Schools.

8

> However, Melton did not ask for and was not provided information as to this matter by Tahlequah Public Schools. Even though the District was aware of the Title IX complaint, it denies that it did not hire Brownfield based on the existence of the complaint.

Docket No. 170, Ex. 21, p. 2. Plaintiff's second exhibit contained excerpts from TPS's responses to discovery requests, in which TPS directly quoted portions of Cloud's deposition testimony in which he testified that he spoke to someone from Broken Arrow Public Schools, but that upon being asked about Plaintiff, Cloud's response was, "You're talking to the wrong person." *Id.*, Ex. 5, pp. 4-5. Neither of these exhibits support Plaintiff's proposed fact that "Defendant Cloud disclosed details of Plaintiff's Title IX complaint to a potential employer . . . leading to rescission of a job offer." Docket No. 170, p. 13, ¶ 17. Even taking every inference in the Plaintiff's favor, as the Court must, "Plaintiff's cited evidence . . . does not support this proposed fact." *Martinez v. City & Cnty. of Denver*, 2019 WL 1505873, at *4 (D. Colo. Apr. 5, 2019).[3] Based on the proffered evidence, the Court will not adopt the proposed fact, and Plaintiff therefore fails to support a prima facie claim for Title VII retaliation via a negative reference. Defendant TPS is entitled to summary judgment on this claim.

### E. § 1983 Claim for Violation of First Amendment Retaliation, as to TPS

---

[3] Notably, Plaintiff moved for sanctions after accusing Defendants of this very thing, *i.e.*, "presenting factual contentions in their Motion for Summary Judgment [Dkt. 144] that lacked evidentiary support[.]" Docket No. 186, p. 2. The motion was unsuccessful and resulted in sanctions being issued against Plaintiff for a pleading containing fictitious cases and inaccurate cases references.

Finally, Plaintiff contends Defendants did not move for summary judgment on *Monell* grounds and that the Court granted summary judgment on the First Amendment retaliation claims brought pursuant to § 1983 without performing a *Monell* analysis. Docket No. 187, p. 6. This argument appears to apply to Plaintiff's Counts II and VII, based on the heading for this section of Plaintiff's argument. On this, the Court has not "misapprehended. . . the controlling law." *Paraclete*, 204 F.3d at 1012. Plaintiff "is improperly using the motion to reconsider to ask the court to rethink what it has already thought through – rightly or wrongly." *Krueger*, 2024 WL 3520801, at *2. Plaintiff's motion is denied as to this argument and these claims.

### IV.    CONCLUSION

Accordingly, Plaintiff's Motion to Reconsider [Docket No. 187] is hereby GRANTED IN PART and DENIED IN PART. The motion is GRANTED TO THE EXTENT that the portion of this Court's previous order granting summary judgment on Plaintiff's Count IV, for Title VII retaliation as to TPS only with regard to Plaintiff's April 2021 application for the coaching/teaching position, is vacated. Plaintiff's motion is otherwise DENIED

IT IS SO ORDERED this 1st day of April, 2026.

**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**

10