**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| OSCAR BROWNFIELD, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. CIV-21-312-GLJ |
| | ) | |
| CHEROKEE COUNTY SCHOOL | ) | |
| DISTRICT NO. 35 a/k/a | ) | |
| TAHLEQUAH PUBLIC SCHOOLS, | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

This matter comes before the Court on Defendant Cherokee County School District No. 35 a/k/a Tahlequah Public Schools' ("TPS") motion in limine. For the reasons set forth below, the Court finds that Defendant School District's Omnibus Motion in Limine [Docket No. 208] is GRANTED IN PART and DENIED IN PART.

### Procedural History

As the procedural history of this case has been discussed extensively in other orders, the Court provides a shorter summary here. Plaintiff filed this case on September 10, 2021, in Oklahoma state court in Cherokee County, Case No. 21-CJ-98, against TPS and Defendant Ashlock. Defendants removed the case to this Court on October 18, 2021 *See* Docket Nos. 1-2. Plaintiff ultimately filed a Second Amended Complaint, which is now the operative Complaint in this case. Several claims were dismissed early, then certain other claims and parties were dismissed pursuant to various Defendants' motions for summary judgment. *See* Docket Nos. 181 & 192. As a result, only the following claims

against TPS remain for trial: (1) Count I for Title IX retaliation related to Plaintiff's removal from the youth wrestling coach position and from the substitute teaching lists; and (2) Count IV for Title VII retaliation related to Plaintiff's April 21 application for the coaching/teaching position.

## ANALYSIS

### I.     Applicable Law

"Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c); cf. Fed. R. Civ. P. 12(e)).  As such, "[t]he purpose of a motion in limine is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Mendelsohn v. Sprint/United Mgmt. Co.*, 587 F.Supp.2d 1201, 1208 (D. Kan. 2008), aff'd, 402 F. App'x 337 (10th Cir. 2010) (internal quotations omitted); *see also Dry Clean Super Ctr., Inc. v. Kwik Indus., Inc.*, 2012 WL 503510 *4 (D. Colo. Feb. 15, 2012) ("The purpose of a motion in limine is to allow the Court to decide evidentiary issues in advance of trial to avoid delay and ensure an evenhanded and expeditious trial.").  Motions in limine "are designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Graves v. Dist. of Columbia*, 850 F.Supp.2d 6, 10 (D.D.C. 2011) (quotation marks omitted).

To exclude evidence on a motion in limine "the evidence must be inadmissible on all potential grounds." *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F.Supp.2d 844, 846 (N.D. Ohio

2004). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT & T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993). However, "the district court may change its ruling at any time for whatever reason it deems appropriate." *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995) (citations omitted); *see also Luce*, 469 U.S. at 41 ("The ruling is subject to change when the case unfolds . . . [E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling."). Alternatively, a judge may decline to rule on an issue raised via limine motion, preferring to "await developments at trial before [so] ruling" to allow the "decision [to] be better informed by the context, foundation, and relevance of the contested evidence within the framework of the trial as a whole." *Graves*, 850 F. Supp. 2d at 11 (quotation marks and citations omitted).

## II.    TPS' Moton in Limine

TPS moves for an order prohibiting Plaintiff and Plaintiff's witnesses from directly or indirectly referring to, *inter alia*: statements or details regarding Plaintiff's Title IX complaint and related matters; statements or details regarding various interactions of Plaintiff and TPS employees; statements or evidence regarding dismissed parties or prior motions or rulings in the case; and statements or evidence regarding Plaintiff's Title VII retaliation claim. *See* Docket No. 208. TPS also moves for an order of sequestration. *Id.*

## A.    Statements or Evidence Regarding the Title IX Complaint and/or Investigation

TPS seeks to exclude all evidence regarding Plaintiff's Title IX complaint and the subsequent investigation and findings.  TPS argues that the parties stipulate that Plaintiff filed a Title IX complaint and, therefore, any additional evidence regarding it is irrelevant to Plaintiff's remaining Title IX retaliation claims.  *See* Docket No. 208, pp. 3-4.  Plaintiff objects to the blanket exclusion of all Title IX investigation evidence because it could be admissible for impeachment or to demonstrate pretext on the retaliation claim.  *See* Docket No. 211, p. 1.

While the parties stipulate that Plaintiff filed a Title IX complaint and therefore, he engaged in protected activity for purposes of his Title IX retaliation claim, which makes evidence regarding the details of the Title IX complaint and subsequent investigation irrelevant to the Title XI retaliation claim, it is less clear with respect to the Title VII retaliation claim.  Whether Plaintiff opposed any practice made an unlawful employment practice under Title VII will be a jury question, absent a stipulation that Plaintiff engaged in such protected activity, and, thus, Plaintiff's Title IX complaint and the allegations contained in Plaintiff's complaint are relevant for the Title VII retaliation claim.  Thus, at this stage the Court cannot say all the evidence regarding Plaintiff's Title XI complaint and the subsequent investigation is "inadmissible on all potential grounds." *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F.Supp.2d at 846.  Therefore, any decision as to the admissibility is deferred to trial "[to] be better informed by the context, foundation, and relevance of the contested evidence within the framework of the trial as a whole." *Graves*, 850 F. Supp. 2d

4

at 11 (quotation marks and citations omitted).  Therefore, the Motion is denied as to this issue.

  **B.**  **Statements or Evidence Regarding the OCR and OCRE Complaints and the Board Meeting**

  TPS seeks to exclude all evidence regarding Plaintiff's Office of Civil Rights ("OCR") and the Office of Civil Rights Enforcement ("OCRE") complaints and the "Board Meeting."  *See* Docket No. 208, p. 5.  In particular, TPS alleges Plaintiff may try to introduce evidence regarding OCR correspondence to TPS, TPS's response to the OCR complaint, the OCRE Resolution Agreement, electronic communication regarding the OCR and the OCRE complaints, and response to the OCRE complaint.  *Id*.  Although Plaintiff indicates he does not intend to introduce the OCR/OCRE findings or conclusions, he believes information regarding such topics is admissible for impeachment, to rebut TPS's non-retaliatory evidence and that the OCR and the OCRE proceedings concern TPS's retaliation of him.  *See* Docket No. 211, p. 2.  Plaintiff, however, does not set forth what specific evidence he believes is admissible for any of these purposes in his Response.

  As with the Title XI complaint, the Court cannot say at this point that the OCR/OCRE complaints and the information contained therein are irrelevant for all purposes.  Again, absent a stipulation that Plaintiff engaged in protected activity for purpose of his Title VII retaliation claim, evidence that Plaintiff filed complaints with OCR and OCRE and the substance of those complaints is likely relevant for purposes of the issue of whether Plaintiff was engaged in a protected activity.  Therefore, TPS's motion is denied as to this issue.

**C.    Statements or Evidence Regarding Alleged Conduct at the Football Game**

TPS seeks to exclude statements or evidence regarding events occurring at two football games in which Plaintiff allegedly acted inappropriately towards TPS employees. *See* Docket No. 208, p. 7.  As a result of this alleged behavior, then TPS Superintendent Leon Ashlock sent Plaintiff a written communication in October 2019 that Plaintiff refrain from such behavior. *Id*.  Although Plaintiff does not believe the communication constituted a material adverse action, he argues evidence of the events surrounding the football games is admissible for context, temporal proximity, retaliatory animus, impeachment, as well as motive and credibility of witnesses.  *See* Docket No. 211, p. 2.

In its March 5, 2026 Order, the Court previously found the October 2019 letter regarding the alleged incidents at the football game was not a materially adverse action against Plaintiff.  *See* Docket No. 181, p. 11.  Indeed, the precise events alleged to have occurred at the football game are disputed and TPS later agreed to remove the letter from its files as part of an agreement with Plaintiff to dismiss the OCR complaint.  Moreover, any evidence of these events risks devolving into a mini-trial of what did or did not actually occur at the football games.  Ultimately, these matters are not relevant to the alleged retaliation of preventing Plaintiff from coaching youth wrestling, his removal from the substitute teacher list or the denial of an interview for a TPS teaching/coaching position. Therefore, TPS's motion is granted as to this issue.

### D.    Statements or Evidence Attacking Former or Current TPS Counsel

TPS seeks to exclude all statements attacking or suggesting TPS's current or former counsel acted improperly during the Title IX investigation.  *See* Docket No. 208, p. 8. Plaintiff agrees that such evidence should be excluded.  Therefore, TPS's motion is granted as to this issue.

### E.    Evidence of Settlement or Settlement Negotiations

TPS seeks to exclude evidence of any offer of settlement or compromise.  *See* Docket No. 208, p. 8.  Plaintiff agrees that such evidence should be excluded.  Therefore, based on Fed. R. Evid. 408, the motion is granted and any evidence of offers of settlement or compromise is excluded.

### F.    Evidence of Pretrial Motions

TPS seeks to exclude evidence of any pretrial motions, proceedings or dismissals. *See* Docket No. 208, p. 9.  Plaintiff agrees that such evidence should be excluded. Therefore, TPS's motion is granted as to this issue.

### G.    Reference to Former Individual Defendants

TPS seeks to exclude any reference to or evidence of Leaon Ashlock, Matt Cloud, Deann Mashburn, Natalie Cloud, or Kimberly Williams as former defendants in this case. See Docket No. 208, p. 9.  Plaintiff agrees that such evidence should be excluded. Therefore, TPS's motion is granted as to this issue.

### H.    Title VII Claim

TPS seeks to exclude any evidence as to Plaintiff's Title VII claim because Plaintiff cannot meet the prima facie elements of such a claim.  *See* Docket No. 208, p.11.  TPS

argues that because Plaintiff's Title VII retaliation claim arises out of his Title IX complaint, this claim does not arise out of his employment or his participation in an employment practice under Title VII. *Id.* Essentially, TPS is improperly seeking to interpose a substantive motion to dismiss or for summary judgement as to Plaintiff's Title XII retaliation claim within its motion in limine. *See*, *e.g.*, E.D. Okla. LCvR7.1(b) (each motion shall be filed in a separate pleading) and 56.1 (absent leave, each party may file only one motion for summary judgement). Therefore, TPS's motion is denied as to this issue.

## I.    Sequestration

TPS seeks to invoke the rule of sequestration pursuant to Fed. R. Evid. 615. *See* Docket No. 208, p. 13. Plaintiff agrees to sequestration. Therefore, pursuant to Fed. R. Evid. 615, the motion is granted on this issue and all persons who may be called as a witness, except for any party or party representative, is excluded from the courtroom during the trial prior to any testimony of that witness and no witness may discuss his or her testimony with any other potential witness.

## CONCLUSION

Accordingly, as set forth herein, Defendant School District's Omnibus Motion in Limine [Docket No. 208] is hereby GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED this 13th day of May, 2026.

GERALD L. JACKSON
UNITED STATES MAGISTRATE JUDGE

8